UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHELLE M. GROVE,

          Plaintiff,

v.

CAROLYN COLVIN, Acting
Commissioner of Social Security,

          Defendant.

CASE NO. C13-5108 BHS

ORDER ADOPTING REPORT
AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 16), and Plaintiff Michelle M. Grove's ("Grove") objections to the R&R (Dkt. 17).

## I. PROCUDURAL HISTORY

On February 14, 2014, Judge Creatura issued an R&R recommending that the Court affirm the Administrative Law Judge's ("ALJ") decision which concluded that Grove was not disabled, and denied benefits. Dkt. 20. On February 28, 2014, Grove filed objections to the R&R. Dkt. 17. On March 13, 2014, the Commissioner filed a reply to the objections. Dkt. 18.

## II. DISCUSSION

**A.    Standard of Review**

The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or

modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.  Fed. R. Civ. P 72(b)(3).

**B.    Objections**

Grove objects to Judge Creatura's R&R on four bases, namely that he erred in finding: (1) the ALJ properly rejected the opinion of Grove's treating and examining providers, including David Dixon, Ph.D. ("Dr. Dixon"), a psychologist, and Margaret Ferris (" Ferris"), a gambling counselor; (2) the ALJ conducted a proper credibility analysis of Grove; (3) the ALJ properly rejected lay witness statements; and (4) the ALJ conducted a proper step-five analysis. Dkt. 17**.**

      1.    **Dr. Dixon and Ms. Ferris's Opinions**

           a.    **Dr. Dixon**

The dispute over Dr. Dixon's opinion centers largely on a single conclusory statement he made indicating that Grove was unable to adapt to new environments. However, he provides no specific, clinical findings that lead him to this conclusion. *See* TR 414. Judge Creatura found that the ALJ properly rejected this portion of Dr. Dixon's opinion, finding in part:

> it is a specific and legitimate reason to discount Dr. Dixon's opinion regarding opined limitation in sustained concentration, when combined with the ALJ's stated reliance on specific inconsistencies within Dr. Dixon's report, pointed out by the ALJ, such as plaintiff's "fair ability to concentrate and maintain attention," (*see* Tr. 30 (*citing* Tr. 412)). Thus, the ALJ's reliance on inconsistencies within Dr. Dixon's examination record allow for proper discounting of part of Dr. Dixon's opinion.

Dkt. 16 at 8.  The Court agrees with Judge Creatura's analysis.

Additionally, as to the ALJ's conclusion that Dr. Dixon's finding is inconsistent with the totality of the evidence in the record, Judge Creatura properly observed that the ALJ noted a number of findings in Plaintiff's longitudinal record that showed her ability to adapt to new environmental conditions is greater than that concluded by Dr. Dixon. For example, the ALJ noted that the Plaintiff "displayed good social skills and was friendly and cooperative." Tr. 23 (*citing* Tr. 409-15). Additionally, as noted by the ALJ, the record reflects that Plaintiff was able to get along with authority figures, spend time with her daughter and grandson regularly, and attend gamblers anonymous meetings, including chairing a meeting and volunteering for the gamblers anonymous hotline. Tr. 23.

Grove contests the ALJ's finding of inconsistencies within Dr. Dixon's opinions, or between his opinion and the record as a whole, on the issue of adaptation to new environments, as well as Judge Creatura's recommendation that the ALJ's finding on the same was proper. Dkt. 17 at 2-3. The Court concurs with Judge Creatura's conclusion that the ALJ's discussion of the facts and her interpretation thereof constitutes specific and legitimate reasons for not accepting Dr. Dixon's conclusion about adaptation to new environments. Where the Commissioner's interpretation is rational, even where there are contrary rational interpretations, the Commissioner's interpretation must be upheld. *Thomas v. Barnhart*, 278 F. 3d 947, 954 (9th Cir. 2002). The Court adopts the R&R on this issue.

### b. Ms. Ferris

As Judge Creatura observed, according to the Social Security Administration, Ms. Ferris is a gambling counselor, who is not an acceptable medical source. Dkt. 16 at 13. Though she is not technically deemed a medical source and her opinion is treated as a lay one, it "should be evaluated on key issues such as impairment and functional effect." *Id.* However, an ALJ may discredit lay testimony if it conflicts with medical evidence. *Id.* at 14 (*citing Lewis v. Apfel*, 236 F. 3d 503, 511 (9th Cir. 2001)).

The ALJ found that Farris's conclusions were "inconsistent" with the totality of the record, including treatment notes from February 2012. Tr. 31 (*citing* Tr. 473-74). Judge Creatura found this was a germane reason for rejecting her opinion. Dkt. 16 at 14.

Grove maintains that the ALJ erred in giving little-to-no weight to Ferris's opinions that Grove had marked and severe impairments in the areas of understanding, memory, sustained concentration, persistence and that Grove would on average likely miss four days of work per month. Dkt. 17 at 5.

The Court finds that Ferris's conclusion regarding the severity of Grove's conditions is inconsistent with the totality of the record, including her own February 2012 treatment notes. Although Ferris noted in her January 2012 treatment notes that she observed Grove's lack of recall, memory loss, destractability and anxiety (Tr. 423), the record reflects that during February 2012 Grove was negative for anhedonia; she was neither anxious nor agitated; she had no mood swings or pressured speech; and the patient reported her bipolar disorder was controlled with medication. TR. 424. Ferris's February 2012 notes also indicate that Grove showed improvement: as the ALJ correctly

noted, she restarted her medication (Tr. 472) and subsequently reported feeling better, which included volunteering for the GA hotline and even seeking employment. Tr. 31 (*citing* Tr. 473-74). Additionally, even a portion of Dr. Dixon's medical opinion is inconsistent with Ferris's opinion regarding the severity of Grave's limitations. *See supra.* (Dr. Dixon opined that Grove "fair ability to concentrate and maintain attention." Tr. 30 (*citing* Tr. 412)).

The Court concurs with Judge Creatura's conclusion that the ALJ found germane reasons for rejecting Ferris's opinion.

### c. Credibility Determination of Grove

Judge Creatura concluded that the ALJ properly evaluated Grove's credibility. Dkt. 16 at 15 (*citing* Tr. 25-29). Grove argues that Judge Creatura erred in concluding that the ALJ properly used Grove's activities of daily living to discredit her own statements and maintains that it is not clear that her daily activities translate into the work environment. Dkt. 17 at 5-6.

In relevant part, Judge Creatura reasoned:

> Specifically, the ALJ noted that plaintiff was volunteering for the GA hotline, using her computer to check email and Facebook, doing light housework and watching television (Tr. 25-26). The ALJ also noted that plaintiff saw her grandchildren regularly and had friends through Gamblers' Anonymous, holding meetings at coffee shops. She attends workshops and plans to attend retreats (Tr. 26). Also noted by the ALJ is plaintiff's report that she "reported getting involved with volunteering and expressed [a] desire to write a book about her experiences with her gambling problems, both [of] which are activities that presumably require greater ability for social interaction and prolonged concentration than alleged (see Tr. 28 (citing Tr. 367)).

1  Dkt. 16 at 17. After reviewing the record, the Court agrees with Judge Creatura's

2  conclusion that the ALJ provided clear and convincing reasons that a number of

3  Grove's daily activities were sufficient to demonstrate that she has "greater ability

4  for social interaction and prolonged concentration than alleged." Dkt. 16 at 17

5  (citing Tr. 28 and Tr. 367).  *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)

6  (ALJ must provide specific, clear and convincing reasons for rejecting claimant's

7  testimony).

8        Judge Creatura also found that the ALJ's Residual Functional Capacity

9  ("RFC") allowed for Grove to have only superficial incidental contact with the

10  general public. Dkt. 16 at 10.  She would not be expected to deal with the general

11  public in a sales position or frequently encounter the general public as an essential

12  element of the work process, which is consistent with the ALJ's observations of

13  Grove's activities of daily living and ability to socialize, as noted above. *See id.*

14  and Tr. 24-25 (ALJ finding Grove could perform simple repetitive tasks with some

15  complex tasks, requires a stable, low-stress, predictable work environment with

16  only occasional changes in the work-setting and work that she can work at her

17  own pace).  The ALJ found that Grove was capable of performing work in jobs

18  such as a baker helper, auto detailer, and farm worker. Tr. 32.  Thus, as Judge

19  Creatura concluded, so does this Court: "These are medium unskilled jobs that are

20  consistent with [] [Grove's above-listed] daily activates and inconsistent with

21  plaintiff's testimony claiming complete disability." Dkt. 16 at 17.

22

       **d.  Lay Witness Testimony**

Judge Creatura found that the ALJ provided germane reasons for disregarding Mr. Grove's opinion of the severity of his wife's conditions. Dkt. 16 at 18-20 (*citing Turner v. Turner v. Commissioner of Social Sec*., 613 F.3d 1217, 1224 (9th Cir. 2010)) (ALJ may disregard opinion evidence or lay testimony by sources such as family members, if germane reasons are given). Grove urges that Mr. Grove's opinions were improperly discredited because "Ms. Grove's [daily activities] are consistent with her own statements as well as Mr. Grove's observations and statements." Dkt. 17 at 6.  Further, she maintains that Mr. Grove's statements are consistent with Dr. Dixon and Ferris's opinions. *Id.* at 7.

With regard to Mr. Grove's opinions, the ALJ stated in part:

> [His opinions] are not substantiated by the medical evidence showing improvement with treatment compliance, intact cognitive and social functioning on mental status exams, and the claimant engaging in various activities showing greater mental functioning ability as discussed earlier. Moreover, Mr. Grove himself reported that claimant was able to perform activities of daily care without significant problems, do laundry and cleaning regularly, walk and drive a car for transportation, get along with authority figures, follow written instructions, watch television, play computer games and spend time with her daughter and grandson regularly.

Tr. 31.  The Court has already determined that Grove's daily activities were inconsistent with her claim of complete disability. *See supra*.  That Grove also states that her own activities are consistent with portions of Dr. Dixon and Ferris's opinions does not support that the ALJ failed to provide germane reasons for rejecting portions of those opinions or Mr. Grove's opinion. This is so because the Court has determined those opinions are inconsistent internally and with the longitudinal record as a whole.  *See supra.* The Court

concurs with Judge Creatura's determination that the ALJ gave germane reasons, which are supported by the record, for disregarding Mr. Grove's opinions.

### e. Step-Five Analysis

Grove now makes the same arguments regarding the ALJ's step-five analysis that she did before Judge Creatura. *See* Dkt. 16 at 20 and 17 at 7. Grove's arguments to the Court that Judge Creatura's recommendation regarding her RFC should not be upheld are based on her previous arguments that the ALJ erred in its analysis and conclusions of the opinions of Dr. Dixon and Ferris regarding Grove's difficulty concentrating, adaptation to new environments, and the necessity of her missing four work days per month. Dkt. 17 at 7. Grove maintains that because the ALJ did not provide the vocational expert (VE) with a hypothetical that included the limitations specified above, the VE's testimony has no evidentiary value to support that Grove could perform existing jobs in the national economy. *Id.* However, because the Court has already determined that Judge Creatura properly concluded that the ALJ analyzed those opinions correctly, it follows that the Court adopts his finding that the RFC should be upheld.

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED**; and

(2) This action is **DISMISSED**.

Dated this 19th day of June, 2014.

_____
BENJAMIN H. SETTLE
United States District Judge